| | |
|---|---|
| ESQUIRE MOVING INC., ) | |
| ) | |
| Plaintiff, ) | Civil Act. No. |
| ) | |
| v. ) | |
| ) | |
| E SQUARE MOVING & STORAGE INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Esquire Moving Inc. ("Esquire Moving" or "Plaintiff"), by its attorneys, Lawson & Weitzen, LLP, for its Complaint against Defendant E Square Moving & Storage Inc. ("E Square Moving" or "Defendant") states as follows:

**INTRODUCTION**

1.      This is an action for infringement of Plaintiff's federally-registered service mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for "cybersquatting" under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and for substantial and related claims of common law trademark infringement and unfair competition under the statutory and common laws of the Commonwealth of Massachusetts, all arising from the Defendant's unauthorized use of the service marks E SQUARE MOVING and E SQUARE MOVING & STORAGE in the marketing, advertising, offering for sale, and/or sale of Defendant's residential and commercial moving services.

## PARTIES

2.    Plaintiff Esquire Moving is a Massachusetts corporation with a principal place of business located at 25 Summer Avenue, Waltham, Massachusetts.

3.    Defendant E Square Moving is a New York corporation with a principal place of business located at 21 McGuinnes Boulevard, Apartment 624, Brooklyn, New York.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, 15 U.S.C. § 1121(a), and 28 U.S.C. § 1338(b).

5.    This Court has personal jurisdiction over the Defendant pursuant to Mass. Gen. Laws ch. 223A §§ 3(a), (b), (c), and (d) and the Due Process Clause of the United States Constitution.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(b)(3).

## FACTS COMMON TO ALL COUNTS

*Esquire Moving*

7.    Esquire Moving was incorporated in Massachusetts in March 2015.

8.    Since March 2015, Esquire Moving has continually provided residential and commercial moving services in interstate commerce, including, without limitation, in Massachusetts and New York.

9.    Since March 2015, Esquire Moving has continually advertised, offered for sale, and sold residential and commercial moving services under the marks ESQUIRE MOVING and ESQUIRE MOVING & STORAGE.

10.    Since March 2015, Esquire Moving has used the esquiremoving.com domain to

advertise and market Esquire Moving's residential and commercial moving and storage services.

11.     Esquire Moving is the owner of Reg. No. 7,358,251 with the United States Patent and Trademark Office for the service mark ESQUIRE MOVING for, among other services, furniture moving, moving company services, and moving and storage of goods. A copy of the Registration Certificate for Reg. No. 7,358,251 is attached hereto as Exhibit 1.

12.     Esquire Moving has extensively used the marks ESQUIRE MOVING and ESQUIRE MOVING & STORAGE in connection with its advertising, offering for sale, and selling residential and commercial moving and storage services, and built valuable common law trademark rights therein.  Due to Esquire Moving's extensive use of the marks ESQUIRE MOVING and ESQUIRE MOVING & STORAGE, the marks have acquired value and recognition in the United States, including, without limitation, in Massachusetts and New York. The marks are known to the consuming public as identifying and distinguishing Esquire Moving exclusively and uniquely as the source of high quality residential and commercial moving services.

*E Square Moving*

13.     Defendant E Square Moving was formed in New York on or about February 23, 2022.

14.     Defendant advertises, markets, offers for sale, and sells residential and commercial moving and storage services in interstate commerce, including, without limitation, in New York and Massachusetts. In fact, on its website, located at www.esquaremoving.com, Defendant states, "we frequently have routes to Boston, Philly, DC and more!"

15.     Shortly after its formation, Defendant registered the domain esquaremoving.com and began using the website located at www.esquaremoving.com to advertise, market, offer for

sale, and sell its residential and commercial moving services.

16. Only one letter distinguishes Defendant's esquaremoving.com domain from Esquire Moving's esquiremoving.com domain.

17. Moreover, "E Square" has no obvious meaning relating to the moving and storage industry, or otherwise, suggesting that the founder selected "E Square" solely because of its similarity to "Esquire."

18. Thus, on information and belief, Defendant registered and is using the esquaremoving.com domain with a bad faith intent to profit therefrom, namely the intent to divert consumers from Esquire Moving's website at www.esquiremoving.com to Defendant's website, and thereby misappropriate the goodwill Esquire Moving has created in the ESQUIRE MOVING mark.

19. Defendant advertises, offers for sale, and sells residential and commercial moving services in interstate commerce, including in New York and Massachusetts, under the marks E SQUARE MOVING and E SQUARE MOVING & STORAGE.

20. Defendant uses the E SQUARE MOVING and E SQUARE MOVING & STORAGE marks on its website, www.esquaremoving.com, as well as on its moving trucks and other places to advertise, market, offer for sale and sell residential and commercial moving and storage services.

21. In addition, Defendant's trucks, equipment, and employee apparel mimic the color, design, look, and feel of Esquire Moving's trucks, equipment, and employee apparel.

22. Defendant has been on constructive notice of the federal registration of the ESQUIRE MOVING mark since U.S. Registration No. 7,358,251 issued on April 16, 2024. Defendant has been on actual written notice of Esquire Moving's use of the ESQUIRE

MOVING and ESQUIRE MOVING & STORAGE marks since August 8, 2023, when Esquire Moving demanded in writing that Defendant cease and desist use of the E SQUARE MOVING and E SQUARE MOVING & STORAGE marks. Defendant never responded to Esquire Moving's initial written demand or a follow-up thereto dated October 5, 2023.

23.     Defendant's E SQUARE MOVING and E SQUARE MOVING & STORAGE marks are confusingly similar to Esquire Moving's ESQUIRE MOVING and ESQUIRE MOVING & STORAGE marks. Defendant's use of the E SQUARE MOVING and E SQUARE MOVING & STORAGE marks to advertise, market, offer for sale, and sell its residential and commercial moving services has confused and likely will continue confuse consumers as to whether there is an affiliation, connection, or association between Defendant and Esquire Moving.

24.     The likelihood of confusion is exacerbated by the fact that Defendant's E SQUARE MOVING and E SQUARE MOVING & STORAGE marks are nearly identical to Esquire Moving's ESQUIRE MOVING and ESQUIRE MOVING & STORAGE marks, and the services offered by Defendant and Esquire Moving are nearly identical.

25.     Defendant's unauthorized use of the E SQUARE MOVING and E SQUARE MOVING & STORAGE marks in connection with the offering of residential and commercial moving services irreparably injures Esquire Moving by confusing customers and potential customers, and harming the reputation and goodwill of Esquire Moving.

## COUNT I

**TRADEMARK INFRINGEMENT IN VIOLATION OF
SECTION 32 OF THE LANHAM ACT
(15 U.S.C. § 1114(1))**

26.     Esquire Moving repeats and realleges paragraphs 1 through 25 above as if fully set forth herein.

27.     Esquire Moving is the owner of Reg. No. 7,358,251with the United States Patent and Trademark Office for the service mark ESQUIRE MOVING for, among other services, furniture moving, moving company services, and moving and storage of goods.

28.     Defendant is not authorized to use the ESQUIRE MOVING service mark.

29.     Defendant has used and is using the service mark E SQUARE MOVING in connection with the providing of residential and commercial moving and storage services in commerce, including by registering the domain esquaremoving.com and creating and using the website located at www.esquaremoving.com to advertise, offer for sale, and sell its residential and commercial moving and storage services.

30.     Defendant's unauthorized use of the E SQUARE MOVING service mark constitutes trademark infringement in violation of Section 32 of the Lanham Act, codified at 15 U.S.C. § 1114(1).

31.     Defendant's unauthorized use of the E SQUARE MOIVING service mark was intended to cause, has caused, is causing, and is likely to continue to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of Defendant with Esquire Moving in violation of 15 U.S.C. § 1114(1).

32.     On information and belief, Defendant's infringement has been willful, wanton, reckless, and in total disregard of Esquire Moving's rights.

33.     Defendant's acts are causing irreparable injury to Esquire Moving for which there is no adequate remedy at law, and will continue to do so unless Defendant's use of the E SQUARE service mark or any mark that is confusingly similar thereto is enjoined by this Court.

34.     Due to Defendant's acts, Esquire Moving has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT II

## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF
## SECTION 43(a) OF THE LANHAM ACT
## (15 U.S.C. § 1125(a))

35. Esquire Moving repeats and realleges paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant has used and, on information and belief, plans to continue to use the E E SQUARE MOVING and E SQUARE MOVING & STORAGE service marks, including through its use of the website www.esquaremoving.com, which are confusingly similar to Esquire Moving's ESQUIRE MOVING and ESQUIRE MOVING & STORAGE service marks, in connection with its rendering of residential and commercial moving services in commerce.

37. Defendant's use in commerce of the E SQUARE MOVING and E SQUARE MOVING & STORAGE service marks in connection with its residential and commercial moving and storage services constitutes a false designation of origin, false and misleading description of fact, and false and misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Esquire Moving as to the origin, sponsorship or approval of Defendant's services by Esquire Moving, in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C, § 1125(a).

38. On information and belief, Defendant's conduct, as described above, has been willful, wanton, reckless, with full knowledge, and in total disregard of Esquire Moving's rights.

39. Defendant's acts are causing irreparable injury to Esquire Moving, for which there is no adequate remedy at law, and will continue to do so unless Defendant's use of the E SQUARE MOVING and E SQUARE MOVING & STORAGE service marks or any mark that is

confusingly similar to Esquire's Moving's ESQUIRE MOVING and ESQUIRE MOVING & STORAGE marks is enjoined by this Court.

40. Due to Defendant's acts, Esquire Moving has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT III

### CYBERSQUATTING IN VIOLATION OF
### SECTION 43(d) OF THE LANHAM ACT
### (15 U.S.C. 1125(d))

41. Esquire Moving repeats and realleges paragraphs 1 through 40 above as if fully set forth herein.

42. Esquire Moving's federally registered service mark, ESQUIRE MOVING, is valid and entitled to protection.

43. Esquire Moving's federally registered service mark, ESQUIRE MOVING, is distinctive.

44. Defendant's domain name, esquaremoving.com is confusingly similar to Esquire Moving's federally registered service mark, ESQUIRE MOVING.

45. Defendant registered, has used, and is using the domain name esquaremoving.com with a bad faith intent to profit, namely the intent to divert consumers from Esquire Moving's website at www.esquiremoving.com to Defendant's website at www.esquaremoving.com.

46. Defendant's use of the esquaremoving.com domain and the website located at www.esquaremoving.com to advertise, offer for sale, and sell residential and commercial moving and storage services are causing irreparable injury to Esquire Moving, for which there is no adequate remedy at law, and will continue to do so unless Defendant's use of the

esquaremoving.com domain and the website located at www.esquaremoving.com are enjoined

by this Court or the Court orders the forfeiture or cancellation of the esquaremoving.com domain

name or the transfer of the domain name to Esquire Moving.

47.     Due to Defendant's acts, Esquire Moving has been damaged and is entitled to

injunctive relief and damages in an amount to be proven at trial.

**COUNT IV**

**TRADEMARK INFRINGEMENT**
**IN VIOLATION OF M.G.L. C. 110H, § 12**

48.     Esquire Moving repeats and realleges paragraphs 1 through 47 above as if fully

set forth herein.

49.     Defendant has used and, upon information and belief, plans in the future to use

the E SQUARE MOVING and E SQUARE MOVING & STORAGE service marks in

connection with its residential and commercial moving and storage business, which does not

have any affiliation with Esquire Moving and which, in fact, is in competition with Esquire

Moving.

50.     Defendant's use of the E SQUARE MOVING and E SQUARE MOVING &

STORAGE service marks in connection with its residential and commercial moving and storage

business has caused and will continue to cause confusion or mistake or to deceive as to the

source or origin of such sources.

51.     Defendant's unauthorized use of the E SQUARE MOVING and E SQUARE

MOVING & STORAGE service marks constitutes trademark infringement in violation of G.L. c.

100H, § 112.

52.     Defendant's unauthorized use of the E SQUARE MOVING and E SQUARE

MOVING & STORAGE service marks is intended to cause confusion or mistake or to deceive.

53.     Defendant's unauthorized use of the E SQUARE MOVING and E SQUARE MOVING & STORAGE service marks has caused, and is likely to continue to cause, substantial and irreparable injury to Esquire Moving, unless Defendant's use of the E SQUARE MOVING and E SQUARE MOVING & STORAGE service marks are enjoined by this Court.

54.     Defendant's conduct as described above has been willful, wanton, reckless, with full knowledge, and in violation of Esquire Moving's rights.

55.     By reason of the foregoing, Esquire Moving has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

<u>COUNT V</u>

**UNFAIR COMPETITION**
**IN VIOLATION OF MASSACHUSETTS COMMON LAW**

56.     Esquire Moving repeats and realleges paragraphs 1 through 55 above as if fully set forth herein.

57.     Esquire Moving owns and enjoys common law rights in the ESQUIRE MOVING AND STORAGE service mark are superior to any rights which Defendant may claim to that or any similar name.

58.     Without authority, Defendant has uses and is using the E SQUARE MOVING & STORAGE service mark in connection with its residential and commercial moving and storage business, which does not have any affiliation with Esquire Moving and which, in fact, competes with Esquire Moving, in order to capitalize on and misappropriate Esquire Moving's valuable goodwill in its ESQUIRE MOVING & STORAGE service mark that it created through continuous usage since 2015.

59.     Defendant's unauthorized use of the E SQUARE MOVING & STORAGE service mark has and is likely to continue to cause confusion or mistake or deception of consumers as to

the origin of such services.

60.    Defendant's acts and conduct as set forth herein constitute unfair competition in violation of Massachusetts common law.

61.    Defendant's wrongful unfairly competing activities are intended to cause, have caused, and unless enjoined by the Court, will continue to cause, irreparable injury and other damage to Esquire Moving's business reputation and goodwill.

62.    Defendant's conduct as described above has been willful, wanton, reckless, with full knowledge, and in violation of Esquire Moving's rights.

63.    By reason of the foregoing, Esquire Moving has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

<u>COUNT VI</u>

**UNFAIR AND DECEPTIVE ACTS AND PRACTICES AND UNFAIR COMPETITION IN VIOLATION OF G.L. C. 93A, §§ 2 AND 11**

64.    Esquire Moving repeats and realleges paragraphs 1 through 63 above as if fully set forth herein.

65.    The parties are engaged in trade or commerce within the meaning of G.L. c. 93A.

66.    Defendant has engaged in unfair and/or deceptive acts and practices and unfair competition in violation of G.L. c. 93A, §§ 2 and 11.

67.    Defendant's actions in violation of G.L. c. 93A include, but are not limited to using service marks that are similar or nearly identical to Esquire Moving's ESQUIRE MOVING and ESQUIRE MOVING & STORAGE service marks in order to capitalize on Esquire Moving's reputation and good will.

68.    At all times material and relevant hereto, the events, transactions and occurrences described herein occurred substantially within the Commonwealth of Massachusetts and harmed

11

Esquire Moving in Massachusetts.

69.    By reason of the foregoing, Esquire Moving has suffered the loss of money and is entitled to all damages suffered as a result of Defendant's actions in violation of G.L. c. 93A, trebled, together with costs, interest and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Esquire Moving respectfully prays the Court:

1.    Enter judgment in favor of Esquire Moving on all Counts of the Complaint;

2.    Enter preliminary and permanent injunctions ordering that Defendant, its officers, agents, employees, successors, attorneys, and all those in active concert or participation with Defendant shall not use in any manner any service mark, trademark, trade name, or company name which resembles, in whole or in part, Esquire Moving's ESQUIRE MOVING or ESQUIRE MOVING & STORAGE service marks, including, without limitation the E SQUARE MOVING and E SQUARE MOING & STORAGE service marks;

3.    Order (i) the forfeiture or cancellation of the esquaremoving.com domain name or (ii) the transfer of the esquaremoving.com domain name to Esquire Moving;

4.    Award damages to Esquire Moving in an amount to be determined at trial;

5.    Award multiple damages to Esquire Moving;

6.    Award Esquire Moving its costs and reasonable attorneys' fees; and

7.    Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Esquire Moving demands a trial by jury on all issues so triable.

Dated: June 18, 2024

Respectfully submitted,

ESQUIRE MOVING INC.

By its attorneys,


 /s/ John R. Bauer
John R. Bauer (BBO# 630742)
jbauer@lawson-weitzen.com
J. Mark Dickison (BBO# 629170)
mdickison@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Telephone: (617) 439-4990